*296 Opinion of the Court, by
Judge Owsley.
THIS writ of error is brought to reverse a judgment rendered against the plaintiffs in error, for six-sevenths of the land in contest, in an action of ejectment brought in the circuit court by the defendants in error.
The defendants in error claim the land under a patent which issued from the commonwealth of Virginia to Jeremiah Moore, in August 1785; and the declaration contains separate demises by the defendants in error, Weathers Smith, James Smith, Samuel Smith, Temple Smith, Lane Smith, Nancy Whaley, late Nancy Smith, and Rebecca Thrift, Nancy Thrift and Rezin H. Thrift, heirs and representatives of Sally Thrift, deceased, late Sally Smith, and George D. Smith, heir representative of William Smith, deceased.
The general issue was pleaded, and on the trial in the circuit court the defendants in error introduced in evidence the patent to Moore, a deed of bargain and sale from Moore to Weathers Smith, bearing date the 12th of April 1800, and a deed from Weathers Smith to *297 George Smith, dated the 24th of April 1814, and proved that the patent and deeds included the land in contest, and that the lessors in the declaration mentioned were the heirs and legal representatives of George Smith, deceased; that George Smith was a non-resident, and all the lessors were non-residents, femes covert and infants, except Weathers Smith, who had been in this state twenty years previous to the trial; and after introducing the report of the surveyor, made out under an order of the court in this cause, rested his case with the jury.
The plaintiffs in error then introduced a patent from the commonwealth of Virginia to Robert Sanders, for 1,000 acres, bearing date in March 1786, and after introducing title papers showing that they claimed under Sanders, proved that the plaintiff, Clements, in the fall 1792, settled on the land under Sanders, and cleared land in the spring 1793; that the patentee, Moore, under whom the defendants in error claim, and Weathers Smith, were in this country in 1794; that the lessor, Weathers Smith, has resided in this country for upwards of twenty-two years, and that the plaintiff in error, Oakley, also settled on the land under Sanders, at the same time that Clements made his settlement.
After the evidence thus detailed was given to the jury, (it being all, as is stated in the bill of exceptions, that was offered by either party,) the defendants in error moved the court to instruct the jury that the statute of limitations did not run against them, they being nonresidents at the time the estate was cast on them; and the court accordingly gave the instructions to the jury, except as to Weathers Smith, one of the lessors.
Exceptions were taken to the opinion of the court, and the questions raised in this court involve the propriety of the instructions given to the jury.
That the court erred, we entertain no doubt. From the evidence contained in the bill of exceptions, a part, if not all of the land in contest, must be admitted to have been in the adverse possession of the plaintiffs in error, for more than twenty years before the commencement of the action of ejectment; and it is not only well settled by repeated adjudications, but, moreover, obvious from the expressions of the statute regulating the time of making entries on land, that an adverse possession for twenty years tolls the right of entry, unless the *298 person or persons in possession of the right of entry labor under some of the disabilities prescribed by the statute. In the present case, however, no such disability is alleged in the bill of exceptions to have been proved. If, from the evidence, it could be inferred that the patentee, Moore, and his alienee, Weathers Smith, and George Smith, to whom Weathers conveyed, were all, at the time the plaintiffs in error took the possession, non-residents, and had continued to reside out of this country, that circumstance could not save the running of the statute; for, in 1794, Moore, the patentee, is proved to have been in this country, and as the statute, immediately on his coming to this country, commenced running against him, it would continue to run, not only against him, but also against all others claiming by purchase, as was held in the case of May, &c. vs. Slaughter, spring term 1821.
But the defendants in error do not claim the land by purchase from their ancestor; they claim it as the heirs of George Smith, and it is presumed that the instructions of the court below were given upon the supposition that their disability at the time the estate descended to them, saved the running of the statute. It is proper, however, to remark, that there is no evidence in the record conducing to prove the time when George Smith departed this life. It may have been more than twenty years after the statute commenced running against the patentee, Moore; and if so, as the statute continued to run against George Smith, his right of entry was tolled before his death, and consequently, cannot have been resuscitated by any disability in his heirs.
If George Smith had departed this life before the lapse of twenty years from the time the statute commenced running against the patentee, Moore, and his heirs had all labored under some legal disability at his death, according to the construction heretofore given to the statute of limitations, their right of entry would not have been barred by the lapse of time; but notwithstanding the expiration of twenty years from the statute commencing to run, they might make their entry on the land within the time prescribed by the statute, after the removal of their disabilities. But, one of the heirs, Weathers Smith, labored under no disability at the decease of his ancestor, George Smith. He must *299 have been above the age of twenty-one years, and was a resident of this country; and as he labored under no disability, the disability of the other heirs cannot prevent the running of the statute, either as to them or Weathers Smith, according to the case of Dickey vs. Armstrong, 1 Marsh. 39. In that case, the disability of one of several joint tenants was held not to protect any of the tenants from the operation of the statute; and although that was the case of joint tenants, the principle there recognized embraces all cases of joint estates, and applies with full force to the case of coparceners claiming title to lands from which their common ancestor was disseized in his lifetime; for, be the coparceners however numerous, they constitute but one heir. As respects strangers, they have but one entire freehold in the estate which is cast upon them, as long as it remains undivided. Theirs is a joint estate; they constitute but one tenant to the demandant’s prœcipe; and to recover the land on the seizin of their ancestor, they must all join in the prœcipe. Thus, says Lord Coke, “ if a man has issue, two daughters, and is disseized, and the daughters have issue and die, the issue shall join in the prœcipe; because but one right descends from the ancestor, and it maketh no difference whether the common ancestor, being out of possession, died before the daughters, or after; for, in both cases, they must make themselves heirs to the grandfather, who was last seized; and when the issues have recovered, they are coparceners, and one prœcipe shall lie against them. Co. Litt. 164 a.
It is true, this court has heretofore held that all of the coparceners need not join in a lease, but that an ejectment may be sustained upon the separate demise of each; but the principle thus recognized does not proceed on the idea of the coparceners having a several, and not a joint estate. It proceeds upon the capacity of the tenants to sever their estate, and assumes the demise laid in the declaration, although a fiction, to be a severance of the estate, for the purpose of trying the right. The right is, however, joint, when it descends from the ancestor to the heirs; and it is the nature of the estate on coming to the heirs, and not the change which it may thereafter undergo by the act of the heirs, that must control the operation of the statute of limitations.
*300 The judgment must be reversed with costs, the cause remanded to the court below, and further proceedings had, not inconsistent with this opinion.